KELLY BABINEAU  (CA State Bar #190418)
The Law Office of Kelly Babineau
901 H Street, Suite 203
Sacramento, CA 95814
Tel:(916) 442-4948
Fax: (916) 492-2909
kbabineau@klblawoffice.net

Attorney for ALLA SAMCHUK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>   v.<br><br>ALLA SAMCHUK<br>        Defendant. | ) No. 2:12-CR-0066 TLN<br>)<br>) STIPULATION REGARDING<br>) EXCLUDABLE TIME PERIODS<br>) UNDER SPEEDY TRIAL ACT;<br>) FINDINGS AND ORDER<br>)<br>)<br>) Date: 10-10-13<br>) Time: 9:30 a.m.<br>) Judge: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through her counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for status on August 29, 2013.

2.     By this stipulation, defendant now moves to continue the status conference until October 10, 2013, at 9:30 a.m., and to exclude time between August 29, 2013 and October 10, 2013 under Local Code T4.  Plaintiff does not oppose this request.

3.     The parties agree and stipulate, and request that the Court find the following:

-1-

a. The government has represented that the discovery associated with this case includes six recordings in Russian, approximately 2780 pages of discovery which includes numerous bank records and mortgage loan documents, as well as witness interviews. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b. Counsel for defendant had the recordings in Russian translated and transcribed. Counsel for defendant desires additional time to review these translations, consult with her client, to finish the investigation, discuss possible immigration consequences and research related to the charges, to finish ongoing investigation, and to discuss potential resolutions with her client.

c. Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 29, 2013 to October 10, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by

taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  August 26, 2013                          Respectfully submitted,

                                                      /s/ Kelly Babineau  
                                                      KELLY BABINEAU  
                                                      Attorney for Alla Samchuk

Dated: August 26, 2013                            /s/ Michael Anderson  
                                                    Kelly Babineau for:  
                                                      MICHAEL ANDERSON  
                                                      Assistant U.S. Attorney

## O R D E R

IT IS SO FOUND AND ORDERED this 29th day of August, 2013.

                                                    Troy L. Nunley  
                                                    United States District Judge