UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLA SAMCHUK,<br><br>　　　　Defendant. | No.  2:12-cr-66-GEB<br><br>**TRIAL CONFIRMATION ORDER** |

　　　　Trial in the above-captioned case, scheduled to commence on May 10, 2016 at 9:00 a.m., was confirmed at the hearing held on April 8, 2016.

**EVIDENTIARY DISPUTES**

　　　　All evidentiary disputes capable of being resolved by in limine motions shall be set forth in such motions no later than 4:30 p.m. on April 22, 2016. Any Opposition or statement of non-opposition shall be filed no later than 4:30 p.m. on April 29, 2016. Hearing on the motions will commence at 9:00 a.m. on May 6, 2016.

　　　　Any reasonably anticipated dispute concerning the admissibility of evidence that is not briefed in an in limine motion shall be included in trial briefs. E.D. Cal. R. 285(a)(3).

**TRIAL PREPARATION**

A. No later than April 29, 2016, the following documents shall be filed:

    (1) proposed jury instructions and a proposed verdict form;

    (2) proposed voir dire questions to be asked by the Court;

    (3) trial briefs; and

    (4) a joint statement or joint proposed jury instruction that can be read to the jury during voir dire that explains the nature of the case.

B. The government's exhibits shall be numbered with stickers. Should the defendant elect to introduce exhibits at trial, such exhibits shall be designated by alphabetical letter with stickers. The parties may obtain exhibit stickers from the Clerk's Office.

C. The government estimates it will take approximately six to nine court days to present its case. Defendant estimates it will take approximately two court days to present the defense evidentiary portion of the trial.

Two alternate jurors will be empaneled. The "struck jury" system will be used to select the jury. The struck jury system is "designed to allow both the prosecution and the defense a maximum number of peremptory challenges. The venire . . . start[s] with about 36 potential jurors, from which the defense and the prosecution alternate[] with strikes until a petite panel of 12 jurors remain[s]." Powers v Ohio, 499 U.S. 400, 404-05 (1991); see also United States v. Esparza-Gonzalez, 422 F.3d 897,

1   899 (9th Cir. 2005) (discussing the "struck jury" system).

2          The Jury Administrator randomly selects potential
3   jurors and places their names on a list that will be provided to
4   each party in the numerical sequence in which they were randomly
5   selected. Each juror will be placed in his or her randomly-
6   selected seat. The first 12 jurors on the list will constitute
7   the petit jury unless one or more of those 12 is excused for some
8   reason. Assuming that the first listed juror is excused, the
9   thirteenth listed juror becomes one of the twelve jurors.

10          The Courtroom Deputy will give each juror a large
11   laminated card on which their number is placed. When questions
12   are posed to the jurors as a group, they will be asked to raise
13   their number if they have a response. Generally, jurors will be
14   given an opportunity to respond in numerical order.

15          Following the voir dire questioning, each side will
16   take turns exercising its peremptory challenges. The parties will
17   be given a sheet of paper ("strike sheet") upon which they shall
18   silently exercise their peremptory challenges in the manner
19   specified on the strike sheet, commencing with Defendant, by
20   passing the strike sheet back and forth until all peremptory
21   challenges are used or waived.[1] See Esparza-Gonzalez, 422 F.3d at
22   899 ("Beginning with the defense, each side exercises its . . .
23   peremptory strikes on an alternating basis."). If a side elects
24   to pass rather than exercise a particular peremptory challenge,
25   that challenge is waived.[2]

---

[1] Prospective alternate juror peremptory challenges "may be used only to remove alternate jurors." Fed. R. Crim. P. 24(c)(4).

[2] See id. (discussing waiver of peremptory challenges in "struck jury system"); see generally United States v. Yepiz, 685 F.3d 840, 845-46 (9th Cir. 2012) (indicating "'use it or lose it' voir dire practice" is authorized if

3

The parties agree to retain the alternate jurors after the jury retires to deliberate, and to keep the alternate jurors in that status, but they will be not have to appear at court unless the need arises for an alternate juror to replace a regular juror.

D.  Each side has up to fifteen minutes to make an opening statement.

IT IS SO ORDERED.

Dated:  April 8, 2016

*[signature]*
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

"the composition of the panel" does not change).

4