1  BENJAMIN B. WAGNER
   United States Attorney
2  AUDREY B. HEMESATH
   ANDRE M. ESPINOSA
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5
   Attorneys for Plaintiff
6  United States of America

7                    IN THE UNITED STATES DISTRICT COURT

8                       EASTERN DISTRICT OF CALIFORNIA

9

10 UNITED STATES OF AMERICA,              CASE NO. 2:12-CR-66 GEB EFB

11                Plaintiff,              PROPOSED ORDER RE: FINDINGS UNDER FED.
                                          R. CRIM. P. 15(C)(3)
12        v.

13 ALLA SAMCHUK,

14                Defendant.

15

16     The United States filed a motion seeking a determination that the United States may take the

17 deposition of a witness who is outside the United States, pursuant to Fed. R. Crim. P. 15(c)(3). The

18 matter came before the court for hearing on May 2, 2016. Audrey Hemesath appeared on behalf of the

19 government; Kenny Giffard appeared on behalf of the defendant. At that hearing, the court ordered the

20 matter continued to May 3, 2016 and directed the parties to file supplemental briefing on the issue.

21

22 After review of the parties' supplemental briefing and further oral argument on May 3, 2016, the Court

23 grants the motion, and makes the following factual findings:

24     (A) "the witness's testimony could provide substantial proof of a material fact in a felony

25         prosecution;" Based on the government's offer of proof—specifically the 2011 and 2016

26         memorandums of interview—the Court finds that witness Petro Telenko is the individual

27         identified as Person 2 in the superseding indictment. He is one of three straw buyers in an

28

alleged mortgage fraud scheme perpetrated by the defendant.  His testimony would provide substantial proof on the material facts alleged in Counts 3, 4, 9, and 10.

(B) "there is a substantial likelihood that the witness's attendance at trial cannot be obtained;"  Based on the declaration of IRS-CI Special Agent Yury Kruty, the Court finds a substantial likelihood that witness Telenko cannot attend trial because he has suffered a heart condition that does not permit him to fly.

(C) "the witness's presence for a deposition in the United States cannot be obtained;"  For the same medical reason, the Court finds that Telenko cannot travel to the United States for a deposition.

(D) "the defendant cannot be present because: . . . (iii) for an out-of-custody defendant, no reasonable conditions will assure an appearance at . . . trial or sentencing;"  Defendant Samchuk is on pretrial release and her travel is restricted to the Eastern District of California.  ECF No. 5.  Her passport has been surrendered during the pendency of the case.  ECF No. 5.  The defendant is a United States citizen, but a native of Ukraine, and there are no reasonable conditions on travel to Ukraine for the purpose of the deposition would assure the defendant's return to the United States for trial.

(E) "the defendant can meaningfully participate in the deposition through reasonable means."  The deposition will take place via video teleconference, with the deponent in Ukraine, and defense counsel, the defendant, and the Assistant United States Attorneys in the United States.  A court-certified interpreter will be present in the United States, in the same room as the defendant.  Defendant can meaningfully participate by interacting with her defense counsel, as defense counsel cross-examines the deponent.

/////

/////

For these reasons, and the reasons stated on the record, the Court grants the government's motion for the deposition of Petro Telenko under Fed. R. Crim. P. 15(c)(3)(B).

Dated:  May 3, 2016

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Audrey B. Hemesath
AUDREY B. HEMESATH
ANDRÉ M. ESPINOSA

Assistant United States Attorneys

[~~PROPOSED~~] ORDER

So Found and So Ordered.

DATED:  May 4, 2016.

*(signature)*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE