UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>        v.<br><br>ALLA SAMCHUK,<br><br>              Defendant. | No. 2:12-CR-66-GEB<br><br><br>**PROPOSED TRIAL DOCUMENTS** |

        Attached are the Court's proposed voir dire, the
Court's proposed preliminary, during trial, and closing jury
instructions, and the Court's proposed verdict form.  Any
proposed modifications should be submitted as soon as
practicable.

Dated:  July 8, 2016


_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-CR-66-GEB |
| Plaintiff, | |
| v. | **VOIR DIRE** |
| ALLA SAMCHUK, | |
| Defendant. | |

Good morning and welcome to the United States District Court. Thank you for your presence and anticipated cooperation in the jury selection questioning process we are about to begin. You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. Next to her is the Certified Court Reporter.

We are about to begin what is known as voir dire. The purpose of voir dire is to determine whether you can be a fair and impartial juror on this case. Near or at the end of the process, each party can use a certain amount of what are called peremptory challenges, which excuse a potential juror from sitting as a juror on this case.  A potential juror can also be

1

excused for other reasons.

Ms. Furstenau, please administer the oath to the panel.

Counsel, the Jury Administrator randomly selected potential jurors and placed their names on the document that you have been given in the numerical sequence in which each potential juror was randomly selected. Each juror has been placed in his or her randomly-selected seat. The Courtroom Deputy has given each juror a large laminated card on which the number is placed that depicts the order in which the juror was randomly selected.

I will ask the potential jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, meaning the juror in the lowest numbered seat will respond first. If no card is raised, I will simply state "no response" and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response. That could expedite the process.

If you conclude any question unduly pries into your private affairs and you, therefore, desire to discuss it privately, let me know. I am authorized to protect legitimate

privacy interests, but I may ask questions about the matter you indicate you want to discuss privately to determine whether it, or any aspect of the matter, should be discussed in the public courtroom. This approach is taken because the trial proceedings should be open unless I have a legitimate reason to close an aspect of it.

The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately 8 to 11 court days, after which the case will be submitted to the jury for jury deliberation. Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends from 9:00 a.m. to about 4:30 p.m. until you complete your deliberations.

1.   Does this schedule present a problem for any prospective juror?

2.   Is there any reason why you would not be able to be a juror or give your full attention to this case?

3.   Are you opposed to judging a witness's credibility?

4.   This is a criminal case brought by the United States government against Defendant Alla Samchuk in which the United States alleges in the Superseding Indictment that Ms.

3

Samchuk committed bank fraud, false statement to a financial institution, money laundering, and aggravated identity theft. Ms. Samchuk has pleaded not guilty to these allegations. The superseding indictment simply described the charges the government brings against Ms. Samchuk. The superseding indictment is not evidence and does not prove anything.

      a. Did you know about the allegations being tried in this case before I just stated them?

      b. Is there anything about an allegation which causes you to feel that you might not be a fair juror in this case?

      5.   I will now see if you know, or have had any interaction with any participant in this trial by allowing each party to be named.

      a. The attorneys for the United States may introduce themselves and read the names of all witnesses they intend to call.

      b. Defense counsel may now make an introduction.

      c. Do you know or have you had any interaction with any person just introduced or named?

      6.   Have you, any member of your family, or any close friend ever been arrested or charged for a crime or been a defendant in a criminal case?

      a. Could what you communicated have a bearing on

your ability to be a fair and impartial juror in this case?

       7.    Have you ever served as a juror in the past?

          a. State whether it was a civil or criminal case, and state whether the jury reached a verdict, but do not state the actual verdict reached.

       8.    Have you, any member of your family, or any close friend ever been employed by a law enforcement agency?

          a. Is there anything about what you just related that could prevent you from being an impartial juror in this case?

       9.    Would you tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason?

       10.    Would you tend to disbelieve the testimony of a witness just because that witness is a law enforcement officer?

       11.    You are required to apply the law I will give you even if you believe a different law should apply. If you cannot agree to what I just said, please raise your hand.

       12.    Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

       13.    Do you have any problem with the rule of law that a defendant need not testify on his own behalf, and that if a

defendant chooses not to testify, that factor may not be considered by you in your deliberations?

14.   Is there anything that we have not discussed that you believe could have a bearing on your ability to be a fair and impartial juror in this case?

15.   Now, I am going to ask you to put yourselves in the position of each lawyer and party in this case. Do you have any information that you would like to know if you were in that position?

16.   The Courtroom Deputy Clerk will give juror in seat number 1 a sheet on which there are questions to which I want each of you to respond. Please pass the sheet to the juror near you after you respond. The questions ask:

   a. your name;

   b. your educational background;

   c. the educational background of any person residing with you;

   d. your present and former occupations; and

   e. the present and former occupations of any person residing with you.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>ALLA SAMCHUK,<br><br>            Defendant. | No. 2:12-cr-0066-GEB<br><br>**PROPOSED JURY INSTRUCTIONS** |

PRELIMINARY INSTRUCTION #1


You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed written instructions. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

PRELIMINARY INSTRUCTION #2


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits which are received in evidence; and

any facts to which the parties agree.

PRELIMINARY INSTRUCTION #3


The following things are not evidence, and you must
not consider them as evidence in deciding the facts of this
case:

statements and arguments of the attorneys;

questions and objections of the attorneys;

testimony that I instruct you to disregard; and

anything you may see or hear when the court is not in
session even if what you see or hear is done or said by one of
the parties or by one of the witnesses.

PRELIMINARY INSTRUCTION #4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

PRELIMINARY INSTRUCTION #5


There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

PRELIMINARY INSTRUCTION #6


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

the witness's opportunity and ability to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case, if any;

the witness's bias or prejudice, if any;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.


6

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

PRELIMINARY INSTRUCTION #7

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people

8

involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

PRELIMINARY INSTRUCTION #8

Languages other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter. When recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation or translation provided through the official court interpreters or translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation or translation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

10

PRELIMINARY INSTRUCTION #9


At the end of the trial you will have to make your
decision based on what you recall of the evidence. You will not
have a written transcript of the trial. I urge you to pay close
attention to the testimony as it is given.

PRELIMINARY INSTRUCTION #10


If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left on your seat.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

PRELIMINARY INSTRUCTION #11

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          No. 2:12-cr-0066-GEB

                    Plaintiff,

          v.                       **DURING TRIAL JURY INSTRUCTION**

ALLA SAMCHUK,

                    Defendant.

TRIAL JURY INSTRUCTION NO. 1

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Petro Telenko, which was taken on May 17, 2016, is about to be presented to you. You should consider deposition testimony in the same way that you consider the testimony of the witnesses who have appeared before you.

Instruction No. 1

Members of the jury, now that you have heard all the
evidence, it is my duty to instruct you on the law that applies
to this case. A copy of these instructions will be available in
the jury room for you to consult.

It is your duty to weigh and to evaluate all the
evidence received in the case and, in that process, to decide
the facts. It is also your duty to apply the law as I give it to
you to the facts as you find them, whether you agree with the
law or not. You must decide the case solely on the evidence and
the law and must not be influenced by any personal likes or
dislikes, opinions, prejudices, or sympathy. You will recall
that you took an oath promising to do so at the beginning of the
case.

You must follow all these instructions and not single
out some and ignore others; they are all important. Please do
not read into these instructions or into anything I may have
said or done any suggestion as to what verdict you should
return—that is a matter entirely up to you.

Instruction No. 2


The superseding indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

Instruction No. 3


Option #1: A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

Option #2: The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Instruction No. 4


Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

4

Instruction No. 5


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits received in evidence; and

any facts to which the parties have agreed.

Instruction No. 6


In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case

6

solely on the evidence received at the trial.

Instruction No. 7


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

the witness's opportunity and ability to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case, if any;

the witness's bias or prejudice, if any;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not

necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Instruction No. 9


You are here only to determine whether the defendant is guilty or not guilty of the charges in the superseding indictment. The defendant is not on trial for any conduct or offense not charged in the superseding indictment.

Instruction No. 10


A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Instruction No. 11


The Russian and Ukrainian languages have been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters or translators. Although some of you may know the Russian or Ukrainian languages, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation or translation and disregard any different meaning.

Instruction No. 12


The indictment charges that the offense alleged in each Count was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in each Count of the superseding indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

14

Instruction No. 13


You have heard testimony that the defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Instruction No. 14


You have heard testimony from a person who testified to opinions and the reasons for her opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

16

Instruction No. 15

The defendant is charged in Counts One through Six of the superseding indictment with bank fraud in violation of Section 1344(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following beyond a reasonable doubt:

First, the defendant knowingly executed a scheme to defraud a financial institution as to a material matter;

Second, the defendant did so with the intent to defraud the financial institution; and

Third, the financial institution was insured by the Federal Deposit Insurance Corporation.

The phrase "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive, cheat, or deprive a financial institution of something of value. It is not necessary for the government to prove that a financial institution was the only or sole victim of the scheme to defraud. It is also not necessary for the government to prove that the defendant was actually successful in defrauding any financial institution. Finally, it is not necessary for the government to prove that any financial institution lost any money or property as a result of the scheme to defraud.

17

An intent to defraud is an intent to deceive or cheat.

Instruction No. 16


An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Instruction No. 17


The defendant is charged in Counts Seven through Twelve of the superseding indictment with making a false statement to federally insured financial institutions for the purpose of influencing the financial institutions, in violation of Section 1014 of Title 18 of the United States Code. In order for the defendant to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement or report to a federally insured institution specifically, Bank of America, with respect to Counts Seven, Eight, Eleven, and Twelve; and Washington Mutual Bank, with respect to Counts Nine and Ten;

Second, the defendant made the false statement or report to the financial institution knowing it was false; and

Third, the defendant did so for the purpose of influencing in any way the action of the financial institution.

20

It is not necessary, however, to prove that the financial institution involved was, in fact, influenced or misled, or that the financial institution was exposed to a risk of loss. What must be proved is that the defendant intended to influence the financial institution by the false statement.

Instruction No. 18


The defendant is charged in Count Thirteen of the superseding indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from bank fraud as alleged in Count Two of the superseding indictment or making false statements as alleged in Count Eight of the superseding indictment; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.


22

The term "financial institution" means a bank whose deposits were insured by the Federal Deposit Insurance Corporation (FDIC).

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of bank fraud as alleged in Count Two of the superseding indictment, or making false statements as alleged in Count Eight of the superseding indictment.

Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the government does not have to prove that all of the property at issue was criminally derived.

23

Instruction No. 19


The defendant is charged in Count Fourteen of the superseding indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly used without legal authority a means of identification of another person; and

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to bank fraud as alleged in Count Two of the superseding indictment.

The Government need not establish that the means of identification of another person was stolen.

24

Instruction No. 20


The phrase "without legal authority" is defined as the illegal use of a means of identification, regardless of whether the means of identification was stolen or obtained with the knowledge and consent of its owner.

Instruction No. 21

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Instruction No. 22


Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Instruction No. 23


The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Instruction No. 24


A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the representative from the United States Marshals Service that you are ready to return to the courtroom.

Instruction No. 25


        If it becomes necessary during your deliberations to
communicate with me, you may send a note through the
representative from the United States Marshals Service, signed
by any one or more of you. No member of the jury should ever
attempt to communicate with me except by a signed writing, and I
will respond to the jury concerning the case only in writing or
here in open court. If you send out a question, I will consult
with the lawyers before answering it, which may take some time.
You may continue your deliberations while waiting for the answer
to any question. Remember that you are not to tell anyone—
including me—how the jury stands, numerically or otherwise, on
any question submitted to you, including the question of the
guilt of the defendant, until after you have reached a unanimous
verdict or have been discharged.

1

2

3

4                    UNITED STATES DISTRICT COURT

5                   EASTERN DISTRICT OF CALIFORNIA

6

7  UNITED STATES OF AMERICA,          No. 2:12-cr-0066-GEB

8            Plaintiff,

9       v.                           **PROPOSED VERDICT FORM**

10 ALLA SAMCHUK,

11            Defendant.

12

13

14        WE, THE JURY, FIND THE DEFENDANT, ALLA SAMCHUK, AS

15 FOLLOWS:

16

17        AS TO COUNT ONE OF THE SUPERSEDING INDICTMENT, Bank

18 Fraud, in violation of Title 18, United States Code, Section

19 1344, with respect to the loan issued on or about December 28,

20 2006, by Bank of America, in the amount of $485,000, in

21 connection with the 7192 Artisan Circle transaction:

22

23        NOT GUILTY _____     GUILTY _____

24 ///

25 ///

26 ///

27 ///

28 ///

1

1        AS TO COUNT TWO OF THE SUPERSEDING INDICTMENT, Bank

2   Fraud, in violation of Title 18, United States Code, Section

3   1344, with respect to the loan issued on or about January 30,

4   2007, by Bank of America, in the amount of $100,000, in

5   connection with the 7192 Artisan Circle transaction:

6

7        NOT GUILTY _____        GUILTY _____

8

9

10       AS TO COUNT THREE OF THE SUPERSEDING INDICTMENT, Bank

11  Fraud, in violation of Title 18, United States Code, Section

12  1344, with respect to the loan issued on or about April 20, 2007,

13  by Washington Mutual Bank, in the amount of $1,100,000, in

14  connection with the 1328 Souza Drive transaction:

15

16       NOT GUILTY _____        GUILTY _____

17

18

19       AS TO COUNT FOUR OF THE SUPERSEDING INDICTMENT, Bank

20  Fraud, in violation of Title 18, United States Code, Section

21  1344, with respect to the loan issued on or about April 20, 2007,

22  by Washington Mutual Bank, in the amount of $137,362, in

23  connection with the 1328 Souza Drive transaction:

24

25       NOT GUILTY _____        GUILTY _____

26  ///

27  ///

28  ///

2

1          AS TO COUNT FIVE OF THE SUPERSEDING INDICTMENT, Bank

2    Fraud, in violation of Title 18, United States Code, Section

3    1344, with respect to the loan issued on or about March 5, 2008,

4    by Bank of America, in the amount of $392,000, in connection with

5    the 3269 Mount Tamalpais Drive transaction:

6

7          NOT GUILTY _____      GUILTY _____

8

9

10         AS TO COUNT SIX OF THE SUPERSEDING INDICTMENT, Bank

11   Fraud, in violation of Title 18, United States Code, Section

12   1344, with respect to the loan issued on or about March 5, 2008,

13   by Bank of America, in the amount of $73,500, in connection with

14   the 3269 Mount Tamalpais Drive transaction:

15

16         NOT GUILTY _____      GUILTY _____

17

18

19         AS TO COUNT SEVEN OF THE SUPERSEDING INDICTMENT, False

20   Statement to a Federally Insured Financial Institution, in

21   violation of Title 18, United States Code, Section 1014, with

22   respect to the loan application presented on or about December

23   27, 2006, to Bank of America, in the amount of $485,000, in

24   connection with the 7192 Artisan Circle transaction:

25

26         NOT GUILTY _____      GUILTY _____

27   ///

28   ///

3

1    AS TO COUNT EIGHT OF THE SUPERSEDING INDICTMENT, False

2 Statement to a Federally Insured Financial Institution, in

3 violation of Title 18, United States Code, Section 1014, with

4 respect to the loan application presented on or about January 19,

5 2007, to Bank of America, in the amount of $100,000, in

6 connection with the 7192 Artisan Circle transaction:

7

8    NOT GUILTY _____      GUILTY _____

9

10

11    AS TO COUNT NINE OF THE SUPERSEDING INDICTMENT, False

12 Statement to a Federally Insured Financial Institution, in

13 violation of Title 18, United States Code, Section 1014, with

14 respect to the loan application presented on or about April 13,

15 2007, to Washington Mutual Bank, in the amount of $1,100,000, in

16 connection with the 1328 Souza Drive transaction:

17

18    NOT GUILTY _____      GUILTY _____

19

20

21    AS TO COUNT TEN OF THE SUPERSEDING INDICTMENT, False

22 Statement to a Federally Insured Financial Institution, in

23 violation of Title 18, United States Code, Section 1014, with

24 respect to the loan application presented on or about April 13,

25 2007, to Washington Mutual Bank, in the amount of $137,362, in

26 connection with the 1328 Souza Drive transaction:

27

28    NOT GUILTY _____      GUILTY _____

1        AS TO COUNT ELEVEN OF THE SUPERSEDING INDICTMENT, False

2  Statement to a Federally Insured Financial Institution, in

3  violation of Title 18, United States Code, Section 1014, with

4  respect to the loan application presented on or about February

5  27, 2008, to Bank of America, in the amount of $392,000, in

6  connection with the 3269 Mount Tamalpais Drive transaction:

7

8        NOT GUILTY _____       GUILTY _____

9

10

11        AS TO COUNT TWELVE OF THE SUPERSEDING INDICTMENT, False

12  Statement to a Federally Insured Financial Institution, in

13  violation of Title 18, United States Code, Section 1014, with

14  respect to the loan application presented on or about February

15  27, 2008, to Bank of America, in the amount of $73,500, in

16  connection with the 3269 Mount Tamalpais Drive transaction:

17

18        NOT GUILTY _____       GUILTY _____

19

20

21        AS TO COUNT THIRTEEN OF THE SUPERSEDING INDICTMENT,

22  Monetary Transactions in Criminally Derived Property, in

23  violation of Title 18, United States Code, Section 1957, as to

24  check number 1101, in the amount of $75,000, drawn on Bank of

25  America HELOC account ending 524499:

26

27        NOT GUILTY _____       GUILTY _____

28  ///

1          AS TO COUNT FOURTEEN OF THE SUPERSEDING INDICTMENT,

2    Aggravated Identity Theft, in violation of Title 18, United

3    States Code, Section 1028A(a)(1), during and in relation to a

4    felony violation of Title 18, United States Code, Section 1344,

5    Bank Fraud, as set forth in Count Two, the use of the identity of

6    Andriy Serdichenko in connection with the 7192 Artisan Circle

7    transaction:

8

9          NOT GUILTY _____      GUILTY _____

10

11

12

13

14   Date: _____      _____

15                                         PRESIDING JUROR

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  6