UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:12-cr-00066-GEB |
|---|---|
| Plaintiff, | |
| v. | **TENATIVE RULINGS ON DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT TO WHICH EACH PARTY MAY FILE A WRITTEN RESPONSE** |
| ALLA SAMCHUK, | |
| Defendant. | |

        Defendant Alla Samchuk filed objections to paragraphs 22, 26, 27, and 28 in the Final Presentence Report ("PSR"), to which the government has responded.

        Samchuk objects to the two-level enhancement in paragraph 22 for use of sophisticated means in crimes of conviction. Def.'s Obj. to PSR 1, ECF No. 186. This enhancement applies if Samchuk's conduct was "sufficiently more complex" than what is involved in a routine mortgage fraud transaction. United States v. Aragbaye, 234 F.3d 1101, 1108 (9th Cir. 2000), superseded by statute on other grounds, U.S.S.G. § 2B.2.2 cmt. n. 8(B), as recognized in United States v. McEnry, 659 F.3d 893 (9th Cir. 2011). Samchuk argues her use of straw buyers to

1

purchase residential property in the crimes of conviction was the same type of conduct involved in routine "mortgage fraud cases." Def.'s Obj. to PSR 2. She argues her conduct lacked the required complexity under the subject enhancement guideline since "[t]he process to apply for and receive a home loan was not difficult." Id. The United States counters with the following argument, which is supported by the factual record:

> [Samchuk] selected individuals from within her Ukrainian church community who did not speak English and who were not familiar with the American mortgage system. She secured their trust, and acted as interpreter at critical meetings. She falsified tax returns, bank statements, mutual fund statements, and pay stubs to create the illusion that the straw buyers were wealthy enough to qualify for the home loans. She used her own phone number on every loan document where she knew there was a chance the lender would follow up, so that she could be the one to field the call and further the lies. She used two notary friends to notarize false deeds that she, as a real estate agent, knew to be necessary to the furtherance of the scheme[; and she duped her notary friends into notarizing signatures even though the purported signee was not present]. She recorded these documents at the county recorder's offices. She used a bank account in her minor daughter's name to launder the proceeds of the scheme. To placate one of the straw buyers, Andriy Serdichenko, she assisted him in filing for bankruptcy and assisted him in obtaining a loan modification.
>
> . . . Samchuk relied on her fluency in two settings──the Ukrainian immigrant setting of her church, and the real estate professional setting──to pull off this scheme. She created and maintained a complicated trail of fabricated documents. Each of her dozens of actions──from using her own telephone number to obtaining notarization on forged documents──was coordinated and, in combination, sophisticated.

Gov't's Sentencing Mem. 2, ECF No. 190.

The factual record evinces that Samchuk's fraudulent scheme was extensively planned and executed and was imbued with careful attention to detail and deception, and was much more sophisticated than a routine mortgage fraud case. Therefore, a two-level use of sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(10)(C) is justified, and the objection is overruled.

Samchuk objects to the two-level enhancement in paragraph 26 imposed under U.S.S.G. § 3B1.1(c), which is based on the following finding: "Samchuk organized the criminal activity in this case by recruiting three straw buyers whose information was used on false loan applications." Samchuk argues the enhancement is inapplicable because the three straw buyers she used "are unconnected to each other." Def.'s Obj. to PSR at 6. Samchuk contends "[s]he was not exercising any control over others," as is required for applying the "Aggravating Role" enhancement under U.S.S.G. § 3B1.1(c). The government counters: "It doesn't matter that the three straw buyers did not know each other or work together. All that is required is that the three straw buyers were 'participants.'" Gov't's Sentencing Mem. Further the government argues 5. The government further argues, inter alia, Serdichenko testified he was aware he "would be listed on the loan application [for the Artisan Circle house] but that the house[] would be for Alla Samchuk[];" and he [eventually] receiv[ed the] benefit[] from the fraud scheme [of living in the Artisan Circle house]." Id. at 6.

The offense level adjustment under § 3B1.1(c) prescribes: "If the defendant was an organizer, leader, manager,

3

or supervisor in any criminal activity . . . increase by 2 levels." Under this enhancement, "the defendant must have exercised some degree of control over others involved in the commission of the offense or [she] must have been responsible for organizing others for the purpose of carrying out the crime. This requirement is implicit in the terms 'organizer, leader, manager and supervisor,' each of which suggests the presence of underlings or subordinates." United States v. Fuller, 897 F.2d 1217, 1220 (1st Cir. 1990). Further, under this enhancement the defendant must have organized a criminal enterprise in which the defendant managed a criminal venture which contained "**at least one** other [subordinate] participant—that is, a person who was criminally responsible for the commission of the offense." United States v. Helmy, 951 F.2d 988, 997 (9th Cir. 1991) (emphasis added). Samchuk managed at least one other participant. Samchuk managed three straw buyers by directing them to provide her with certain personal information, and at least two of the straw buyers should have known that what Samchuk said she would do with the information was a criminal offense. Samchuk "told Andriy Serdichenko that [she] needed to use his credit to purchase a property, . . . that [she] would pay the mortgage on the . . . property for one year, . . . and [she] . . . would then transfer all the documents into [her] name[]." PSR ¶ 6. Serdichenko agreed to engage in this deceitful enterprise. Id. Similarly, "Alla Samchuk . . . asked Petro Telenko to purchase a vehicle for [her] and place it in Petro Telenko's name with the understanding that Alla Samchuk . . . would make the car payments." PSR ¶ 10. "Petro Telenko agreed to purchase the

vehicle for [her] . . ." Id. Both Serdichenko and Telenko therefore committed fraud under Samchuk's direction and the two-level enhancement under U.S.S.G. § 3B1.1(c) applies. Therefore, the objection is overruled.

Samchuk also objects to a two-level enhancement in paragraph 27 for abuse of a position of trust. Def.'s Obj. to PSR 3. Samchuk argues she did not occupy a position of trust to anyone, but "was merely using straw buyers to purchase homes." Id. at 4. The government counters that Samchuk used her position as a real estate agent to obtain means of identification from Petro Telenko. Gov't's Sentencing Mem. 3. The government contends Samchuk's conduct "fits squarely into the example given in application note 2(B) to U.S.S.G § 3B1.3." Id. at 4. That note states: "[A]n adjustment under this guideline shall apply to the following: . . . A defendant who exceeds or abuses the authority of his or her position in order to obtain, transfer, or issue unlawfully, or use without authority, any means of identification." U.S.S.G § 3B1.3, application n. 2(B).

The following portion of the PSR supports the enhancement:

> [Samchuk] told Andriy Serdichenko that [she] needed to use his credit to purchase a property located at Artisan Circle, Roseville, California. [Samchuk] told Andriy Serdichenko that [she] would pay the mortgage on the Artisan Circle property for one year and the loan would be in his name, and [she] would then transfer all the documents into their names. Andriy Serdichenko agreed and [he] sign[ed] a power of attorney in order for [Samchuk] to complete the paperwork. After an unknown period of time, the Serdichenkos went to the Placer County Recorder's office . . . and discovered a $100,000 Bank of America Equity Maximizer

5

|   |   |
|---|---|
| 1 | HELOC had been recorded on the Artisan Circle property.  Andriy Serdichenko never signed the Short Form Deed of Trust that was filed with the Placer County Recorder's office . . . .  The Serdichenko[]s also believed [Samchuk] took an additional $40,000 out of the HELOC . . . because the recent HELCO bills from Bank of America indicated an outstanding balance of $177,883.21.  The FBI agents discovered Alla Samchuk withdrew $75,000 from the HELCO on February 6, 2007 . . . .  In approximately April 2007, [Samchuk] stopped paying the mortgage on the Artisan Circle property.  In May or June 2007, Alla Samchuk contacted Andriy Serdichenko and advised him that some money had accidently been deposited into Andriy Serdichenko's bank account and instructed Andriy Serdichenko to transfer approximately $20,000 to $40,000 into her daughter's bank account. |

PSR 6.

The factual record evinces Samchuk abused her position of trust by using personal information from straw buyers "without authority" of the straw buyers.  U.S.S.G § 3B1.3, application n. 2(B).  The referenced personal information included means of identification such as their social security numbers and bank account information.  See PSR ¶¶ 5 and 6 (correctly finding social security and bank account information was used).  Therefore, a two-level enhancement for abusing a position of trust applies under U.S.S.G. § 3B1.3 and the objection is overruled.

Finally, Samchuk objects to a two-level enhancement in paragraph 28 for obstruction of justice.  Def.'s Obj. to PSR 5-6. Samchuk argues: "There simply was not a threat articulated which would give rise to an obstruction of justice enhancement[; and i]f Serdichenko was threatened by Alla Samchuk, he never said that at trial."  Id. at 5.  Samchuk also argues that any

6

perceived threat could not have been "likely[] to thwart the investigation . . . of the offence of conviction" as required an enhancement under § 3B1.1 because what is identified as a threat "prompted Mr. Serdichenko to go to law enforcement." Id. at 6. The government counters citing Mr. Serdichenko's following trial testimony concerning the referenced threat: "[Defendant] was threatening my family. She basically told me, you have kids, and you don't know what can happen to them." Gov't's Sentencing Mem. 5 (quoting Trial Tr. 130-31). This testimony corroborates the following statements in the PSR: "The Serdichenko[]s told the FBI agents that Alla Samchuk had been threatening the Serdichenkos' children. Alla Samchuk had stated to the Serdichenko[]s that they needed to be careful because they had children to watch out for." PSR ¶ 5.

     The enhancement applies if Samchuk's "conduct was purposefully calculated, and likely, to thwart the investigation . . . of the offense of conviction." U.S.S.G. § 3C1.1 application n. 1. Application Note 4(K) provides the following example of the subject covered conduct: "threatening the victim of the offense in an attempt to prevent the victim from reporting the conduct constituting the offense of conviction." Id. § 3C1.1 application n. 4(K). For the enhancement to apply, the defendant must "have engaged in intentional or deliberate acts designed to obstruct any potential investigation." United States v. Gilchrist, 658 F.3d 1197, 1206 (9th Cir. 2011).

     Samchuk's statements concerning the Serdichenkos' children could be construed as either a personal threat that she

7

would take some action against Serdichenkos' children or that Andriy Serdichenko might cause his children to suffer the loss of their father if he alerted governmental authorities about the mortgage fraud. Both interpretations constitute a threat. Either version of the statements evince that Samchuk "purposefully calculated" that her statements would likely dissuade Serdichenko alerting law enforcement officials about the fraud. Either version of the threat was "likely[] to thwart" an investigation of the fraud, even if the "the attempt[] ultimately failed." United States v. Yuselew, No. CR 09-1035 JB, 2010 WL 3834418, at *13 (D. N.M. Aug. 5, 2010); see also United States v. Tilga, 824 F. Supp. 2d 1295, 1320 (D. N.M. 2011) ("[A]ttempts to obstruct justice may be sufficient if the acts were of a kind that were likely to thwart the investigation and eventual prosecution."). Therefore, a two-level enhancement for obstruction of justice applies under U.S.S.G. § 3C1.1 and the objection is overruled.

Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(c), a copy of this order shall be appended to the presentence report made available to the Bureau of Prisons.

Dated: February 22, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge