McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
ANDRÉ M. ESPINOSA
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALLA SAMCHUK,

Defendant.

2:12-CR-00066-GEB

STIPULATION FOR AN *AMENDED* FINAL ORDER OF FORFEITURE AND ORDER THEREON

IT IS HEREBY STIPULATED, by and between plaintiff United States of America and petitioner Seterus, Inc., as authorized subservicer for Federal National Mortgage Association ("Seterus") and Federal National Mortgage Association ("Fannie Mae"), to compromise and settle their interest in the real property located at 3269 Mount Tamalpais Drive, Roseville, California, APN: 482-060-038-000 and more fully described in Exhibit A attached hereto ("Subject Property"), and to consent to the entry of an *Amended* Final Order of Forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A). The Stipulation for Final Order of Forfeiture and Order Thereon previously filed as Document 226 and approved by the Order of the Court as Document 227 is hereby amended as follows:

1. On February 17, 2017, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A), based upon the guilty verdict and the Stipulation and Application for Preliminary Order of Forfeiture entered into between the United States and defendant Alla Samchuk forfeiting to the United States the above-referenced real property.

1

2. Beginning on February 22, 2017, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. The Declaration of Publication was filed on April 5, 2017.

3. The United States of America completed direct written notice by certified mail to Arkady Samchuk, Taras Vavrinyuk, Bank of America, N.A., CT Corporation System, Fannie Mae, the State of California Employment Development Department, and Seterus.

4. On December 28, 2017, petitioner Seterus, on behalf of Fannie Mae, filed a petition alleging a lien holder interest in the real property located at 3269 Mount Tamalpais Drive, Roseville, California, APN: 482-060-038-000, alleging as follows:

    a. On or about February 26, 2008, Taras Vavrinyuk executed a Promissory Note ("the Note") made payable to Bank of America, N.A. in the original principal amount of $392,000.00. The Note was and is secured by a Deed of Trust dated February 27, 2008, recorded on March 5, 2008, as instrument number 2008-0017708-00 in the official records of Placer County, California. On October 27, 2011, all right, title, and beneficial interest under the Deed of Trust was assigned to Fannie Mae. On May 21, 2013, a Corrective Assignment of Deed of Trust was recorded.

    b. As of December 22, 2017, the principal due and owing under the Note was $379,805.26 and the interest due and owing was $7,734.84. Interest will continue to accrue at $52.03 per diem. The Note is presently in default and has been since September 1, 2017.

5. A Grant Deed was recorded on May 15, 2013, wherein Taras Vavrinyuk granted the real property located at 3269 Mount Tamalpais Drive, Roseville, California, APN: 482-060-038-000 to Arkady Samchuk (100%). Arkady Samchuk is the husband of defendant Alla Samchuk.

6. No other parties have filed petitions in this matter regarding this real property, and the time in which any person or entity may file a petition has expired.

7. The parties hereby stipulate that Fannie Mae is the lien holder on the real property. Fannie Mae has a legal right, title, or interest in the real property, and such right, title, or interest requires the

Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for their interest, because such interest was vested in them rather than defendant Alla Samchuk at the time of the commission of the acts which give rise to the forfeiture of the real property. *See* 21 U.S.C. § 853(n). The parties further stipulate, however, that Alla Samchuk has an ownership interest in the real property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of her interest.

8. Upon entry of an *Amended* Order granting this Stipulation, Fannie Mae (or a designee thereof) shall list the Subject Property for sale and shall have sole power and authority, other than review and approval by the U.S. Attorney's Office to: (a) select the means of sale, including sale by internet or through a licensed real estate broker, and (b) market and sell the Subject Property. Fannie Mae's request for the U.S. Attorney's Office approval shall be made by e-mail to kevin.khasigian@usdoj.gov and shall not be unreasonably delayed or withheld. In the event the U.S. Attorney's Office fails to approve or disapprove Fannie Mae's request for approval within 48 hours of the request being made, said request for approval shall be deemed automatically approved.

9. Fannie Mae shall instruct the escrow officer to wire all of the net proceeds from the sale of the Subject Property to the Internal Revenue Service and to contact the U.S. Attorney's Office, Asset Forfeiture Unit, to obtain specific wiring instructions.

10. The United States agrees that upon entry of this *Amended* Final Order of Forfeiture and sale of the real property pursuant to this *Amended* Final Order of Forfeiture, the United States will not contest payment to Fannie Mae from the proceeds of the sale, after payment of outstanding real property taxes assessed against the property and expenses reasonably incurred by the party designated to sell the property, the following:

    a. All unpaid principal due to petitioner Fannie Mae under the Adjustable Rate Note ("the Note") dated February 26, 2008, in the principal amount of $392,000.00. The Note is secured by a Deed of Trust recorded in the Placer County, California, Official Records as instrument number 2008-0017708-00, recorded on March 5, 2008. A Corrective Assignment of Deed of Trust was recorded on May 21, 2013, as instrument number 2013-0049654-00. As of

3

       July 25, 2018, the loan balance, including principal, interest, fees, and costs,

       was $407,743.59.

  b.  All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by the Deed of Trust, until the date of payment.

  c.  The exact amount to be paid to Fannie Mae shall be determined at the time of payment, but shall not be less than the amounts set forth above.

  d.  To the United States, 100% of the net proceeds from the sale of the property after the above disbursements, which shall be forfeited to the United States pursuant to 18 U.S.C. § 982(a)(2)(A) and disposed of as provided for by law.

11.  The payment to petitioner Fannie Mae shall be in full settlement and satisfaction of all claims and petitions by them to the property, and of all claims arising from and relating to the detention and forfeiture of the property. The payment to Fannie Mae shall not include any penalty payments, including any prepayment penalties.

12.  All parties to this stipulation hereby release the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture and sale of the real property located at 3269 Mount Tamalpais Drive, Roseville, California. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

13.  Fannie Mae agrees not to pursue against the United States any other rights that they may have under the Note and/or Deeds of Trust, including, but not limited to, any right to assess additional interest or penalties except as specifically allowed herein.

14.  Fannie Mae understands and agrees that by entering into this stipulation of their interest in the property, they waive any right to litigate further their ownership interest in the property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for an *Amended* Final

4

Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, Fannie Mae shall be excused and relieved from further participation in this action.

15. Fannie Mae understands and agrees that the United States reserves the right to void the stipulation if, before payment of the Note or lien, the U.S. Attorney obtains new information indicating that Fannie Mae is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the property. In either event, the United States shall promptly notify Fannie Mae of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees. Additionally, Fannie Mae reserves the right to petition the Court for a modification of this order in the event it determines that the value of the subject property is at an amount which may not be sufficient to satisfy their lien.

16. The parties agree to execute further documents, to the extent reasonably necessary, to complete the transaction, convey clear title to the ultimate buyer, and to implement further the terms of this Stipulation.

17. Each party agrees to bear its own costs and attorneys' fees.

18. Payment to Fannie Mae pursuant to this Stipulation is contingent upon a forfeiture of the property to the United States and the Court's entry of this *Amended* Final Order of Forfeiture.

19. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

20. The court shall maintain jurisdiction over this matter to enforce the terms of this stipulation.

Dated:  2/22/2019  McGREGOR W. SCOTT
United States Attorney

/s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 3/5/2019  /s/ James Lewin
JAMES F. LEWIN
Attorney for Seterus, Inc. as authorized subservicer for Federal National Mortgage Association and Federal National Mortgage Association
(Signature retained by attorney)

ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters an *Amended* Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement. All right, title, and interest of Alla Samchuk, Arkady Samchuk, Taras Vavrinyuk, CT Corporation System, and the State of California Employment Development Department to the property located at 3269 Mount Tamalpais Drive, Roseville, California, APN: 482-060-038-000, is hereby extinguished.

SO ORDERED.

Dated: March 5, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

# Exhibit A

(Real property at 3269 Mount Tamalpais Drive, Roseville, California, Placer County)

Lot 101 in the City of Roseville, County of Placer, State of California, as shown on the "plat of Diamond Creek, Unit 1A-Phase 2" filed on November 3, 2000 in Book W, Page 86 of Maps, in the office of the County Recorder of said County.

APN: 482-060-038-000