UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Alla Samchuk,<br><br>    Defendant. | No. 2:12-cr-0066-KJM-CSK<br><br>ORDER |

The Ninth Circuit remanded this court's order denying Alla Samchuk's motion to vacate, set aside or correct her sentence under 28 U.S.C § 2255, for the limited purpose of granting or denying a certificate of appealability. For the reasons set forth below, the court **denies the certificate of appealability.**

**I.   BACKGROUND**

The court explained the background of the case in its previous order. *See* Order (June 23, 2021), ECF No. 261. Samchuk was indicted in 2012 for bank fraud under 18 U.S.C. § 1344, making false statements under 18 U.S.C. § 1014, money laundering under 18 U.S.C. § 1957 and aggravated identity theft under 18 U.S.C. § 1028A. Indictment, ECF No. 10. In 2016, a jury found Samchuk guilty on all counts. *See* Jury Verdict, ECF No. 158. Another judge of this court sentenced her to 111 months' incarceration and 24 months' supervised release. *See* J. & Commitment at 3–4, ECF No. 204.

1    In July 2019, Samchuk filed a motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255.  Mot. (July 15, 2019), ECF No. 233.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On August 26, 2020, the magistrate judge filed findings and recommendations, which were served on the parties, and which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days.  *See* Findings & Recommendations, ECF No. 249.  Samchuk filed objections to the findings and recommendations.  *See* Obj., ECF No. 250.

Before the undersigned ruled on the findings and recommendations, Samchuk filed a motion to vacate and/or reduce sentence under 18 U.S.C. § 3582(c)(1)(A)(I).  Second Mot., ECF No. 251.  The court granted the motion and modified Samchuk's sentence of incarceration to time served and left in effect the previously imposed twenty-four months' supervised release.  *See* Order (June 23, 2021); Am. J., ECF No. 262.  Samchuk completed her sentence in June 2023, after her term of supervised release.  *See* Am. J. at 4.[1]

In June and July 2024, Samchuk requested the court rule on the "pending" objections, referencing her motion under § 2255.  *See* ECF Nos. 263, 264.  The court found the motion moot because Samchuk's § 2255 motion sought only to reduce the sentence, which was complete at the time of the request to rule on the prior objections.  *See* Am. J. at 3–4; Prev. Order (Oct. 9, 2024), ECF No. 265 (citing *United States v. Haar*, No. 18-00155, 2024 WL 945953, at *2 (E.D. Cal. Mar. 5, 2024) (finding § 2255 motion moot where defendant had completed sentence); *United States v. Esparza-Vera*, No. 13-00403, 2019 WL2026684, at *1 (E.D. Cal. May 8, 2019) (same)).

Samchuk's § 2255 motion argued ineffective assistance of counsel, as to count thirteen (money laundering) and fourteen (aggravated identity theft), and related to counsel's alleged failure to challenge the loss amount calculated as part of the Probation Office's presentence investigation report.  Presentence Investigation Report ¶ 21, ECF No. 180 (sealed).  Samchuk

---

[1] There is no evidence in the record to show Samchuk's term of supervised release was extended.  The court assumes Samchuk's twenty-four-month term of supervised release ended as scheduled, in 2023.

1   contended that the failure to challenge the loss "demonstrate[s] that her loss amount and
2   restitution should also be reduced" under § 2255.  Mot. (July 15, 2019), at 38.  When requesting
3   the court rule on her § 2255 motion in 2024, Samchuk presented no evidence her sentence had not
4   been completed and made no argument addressing why the motion should not be considered
5   moot.
6        On October 15, 2024, Samchuk filed a notice of appeal and requested a certificate of
7   appealability.  Not. Appeal, ECF No. 266.  The Ninth Circuit remanded this court's order for the
8   limited purpose of granting or denying a certificate of appealability.

9   **II.     LEGAL STANDARD**

10       Before Samchuk can appeal the court's decision, a certificate of appealability must issue.
11  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Where the petition is denied on the merits, a
12  certificate of appealability may issue "only if the applicant has made a substantial showing of the
13  denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate
14  of appealability indicating which issues satisfy the required showing or must state the reasons
15  why such a certificate should not issue.  *See* Fed. R. App. P. 22(b).  Where the petition is
16  dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can
17  show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in
18  its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition
19  states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775,
20  780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)).

21  **III.    ANALYSIS**

22       Here, the court finds Samchuk has not made a substantial showing of the denial of a
23  constitutional right.  Her § 2255 motion was premised on the argument she received ineffective
24  assistance of counsel because her counsel failed to move to dismiss or otherwise challenge two
25  counts of her conviction based on the applicable statute of limitations period having run.  Mot.
26  (July 15, 2019) at 4.  Samchuk also contends her counsel was ineffective for failing to challenge
27  the loss amount by taking account of "any amount recovered or recoverable by the creditor for the
28  sale of the collateral." *Id.* at 5.  The court construes Samchuk's argument as challenging the loss

1  amount for purposes of the guidelines calculation.  Even if she is seeking to challenge the
2  restitution she owes, that does not change the result.
3     Under § 2255, a defendant seeking relief "must not only *be* in custody, he also must *claim*
4  *the right to be released* from custody."  *United States v. Kramer*, 195 F.3d 1129, 1129–30
5  (9th Cir. 1999), *as amended* (Nov. 18, 1999).  When, as here, defendant is not in custody and
6  seeks only to vacate or reduce a restitution order, "§ 2255 relief [is] not available."  *Id.*  After
7  reviewing the record, the court confirms Samchuk's sentence was complete at the time she
8  requested this court rule on her objections, and any motion to vacate the ordered restitution would
9  be improper under § 2255.  *See, e.g., id.* at 1130 (collecting cases).  The motion was, therefore,
10 moot.
11    For the foregoing reasons, and for the reasons set forth in the Magistrate Judge's findings
12 and recommendations, the court finds that issuance of a certificate of appealability is not
13 warranted in this case.  Samchuk did not make an adequate showing of ineffective assistance of
14 counsel.  Samchuk also is unable to establish prejudice as there is no reasonable probability there
15 would have been a different outcome if Samchuk had received the legal assistance she argued was
16 due, as required under *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  Upon review, the
17 court finds reasonable jurists could not debate this conclusion.  Accordingly, because Samchuk
18 did not make a substantial showing of the denial of a constitutional right, the court declines to
19 issue a certificate of appealability.

### IV.    CONCLUSION

21    For the foregoing reasons, the court **declines** to issue a certificate of appealability.  The
22 Clerk of the Court is directed to file this order with the Ninth Circuit Court of Appeals, Case
23 No. 27-6334.
24    This order resolves ECF No. 269.
25    IT IS SO ORDERED.
26 Dated: February 4, 2025.

UNITED STATES DISTRICT JUDGE